UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG ROSENBERG,

                    Plaintiff,

            -against-

THE AMERICAN SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS;
THE PEOPLE OF THE STATE OF NEW
YORK; ERIN MARGARET
SATTERTHWAITE; PRIAM SINGH, *New
York County District Attorney's Office*;
TANISHA PALVIA, *New York County District
Attorney's Office*,

                    Defendants.

18-CV-8289 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, paid the filing fee[1] to bring this action under the Court's

federal question jurisdiction. He seeks this Court's intervention in his ongoing proceedings in

New York County Criminal Court.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon

Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

---

[1] Plaintiff should disregard the deficiency order, which was issued on September 13, 2018, before Plaintiff's filing fee was docketed.

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Invoking 28 U.S.C. § 1654, Plaintiff made the following allegations in his complaint:

> After knowing that I want to represent myself, the New York County judge heard and decided motions without my input, negatively impacting my side of the case. I was disallowed from approaching the bench while he had discussions with my and opposing attorneys. I have attempted to contact and left messages for all appropriate parties to enable me to represent myself and have not received responses other than in some cases being told my counsel must contact them, which he has refused to do.

(ECF No. 1 ¶ I.) Plaintiff requested an adjournment of a September 17, 2018 hearing "until it's been determined that I am or am not allowed to represent myself, without bench discussions or communications to my counsel without me." (*Id.* at 7.) Named as Defendants in the pleading are the American Society for the Prevention of Cruelty to Animals (ASPCA), the People of the State of New York, Erin Margaret Satterthwaite, and New York County Assistant District Attorneys Priam Singh and Tanisha Palvia.

The complaint did not explain why the ASPCA and Satterthwaite were named as Defendants. Plaintiff subsequently filed in this Court a motion — captioned for the New York County criminal court, bearing case number 2018NY034626 — which provided more context for Plaintiff's claims.[2] In it, Plaintiff asserts that his pet sitter brought his dog to the ASPCA, and "falsely claimed" ownership of the dog and that the dog had lost weight and was not properly groomed. According to Plaintiff, the dog "was up to date on medicine and wellness and healthy

---

[2] It is not clear whether Plaintiff also filed that motion in the state court.

by all objective measurements." But the ASPCA, "using only subjective opinion, claimed that the dog was not well," and Plaintiff was arrested and charged with animal cruelty in violation of New York Agriculture and Markets Law § 353 (causing injury to an animal and failing to provide "necessary sustenance").

Plaintiff asserts that § 353 is "unconstitutionally vague as applied to this facts of this case," and he seeks dismissal of the charges against him on that basis. Additionally, Plaintiff moves to represent himself in state court, for the return of "Bojangles Rosenberg, a goldendoodle dog," and to bar the media from attending his court hearings. According to Plaintiff, the press has "already mis-reported on the case, potentially tainting the jury." (ECF No. 4.)

## DISCUSSION

### A.    Section 1983

The Court liberally construes Plaintiff's claims, arising out of his ongoing state criminal court proceedings, as asserting violations of his constitutional rights under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### B.    Immune Defendants

1.    New York State Assistant District Attorneys

It appears that the New York County District Attorney's Office is handling the criminal prosecution against Plaintiff. Any claims that Plaintiff may wish to assert against assistant district attorneys must be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the

criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, any claims that Plaintiff may have against Singh and Palvia are based on actions within the scope of their official duties and associated with conducting criminal proceedings. Therefore, Plaintiff's claims against Singh and Palvia are dismissed because they seek monetary relief against defendants who are immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

2.      New York State

The Court construes Plaintiff's complaint as asserting a claim against the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the People of the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

## C.    Private Defendants

Plaintiff's claims against the ASPCA and Erin Margaret Satterthwaite, who is apparently an ASPCA employee, must also be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As the ASPCA is a private entity that not affiliated with any state or other government body, Plaintiff has not stated a claim against the ASPCA or ASPCA employee Satterthwaite under § 1983. Plaintiff's claim against these Defendants are therefore dismissed. *See* 28 U.S.C. § 1915(c)(2)(B)(ii).

## D.    Ongoing Criminal Proceedings

Plaintiff seeks this Court's intervention in his pending state-court criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37);

*see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (noting that abstention required where there is a parallel, pending state criminal proceeding). "[T]he cost, anxiety, and inconvenience of having to defend" oneself in a criminal prosecution do not, by themselves, constitute special circumstances warranting a federal court's intervention. *Younger*, 401 U.S. at 46; *Spargo v. N.Y. State Comm'n on Judicial Conduct,* 351 F.3d 65, 75 (2d Cir. 2003) ("*Younger* abstention is mandatory when: (1) there is a pending state proceeding; (2) that implicates an important state interest; and (3) the state court proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.) The Supreme Court explicitly held in *Younger* that where the plaintiff mounted a federal-court challenge to the constitutionality of a state criminal statute underlying a criminal prosecution pending against him in state court, "the federal court should decline to enjoin the prosecution, absent bad faith, harassment, or a patently invalid state statute." *Id.*, 401 U.S. at 54.

Plaintiff seeks to have this Court: (1) adjourn the matter until there has been a decision on his application to represent himself; (2) bar or limit media access to the courtroom; (3) order the return of his dog; and (4) declare § 353 unconstitutional. However, all the elements for *Younger* abstention are met in this case. First, the criminal case against plaintiff is still pending in state court. Second, New York has an important state interest in enforcing its criminal laws, including those regarding animal welfare. *Cf. Simko v. Town of Highlands*, 276 F. Appx. 39, 41, 2008 WL 1925143, at *1 (2d Cir. 2008) (noting the "state's interest in regulating the conditions in which dogs are housed"). And third, plaintiff may raise all of his claims in the pending criminal case, *see Kugler v. Helfant,* 421 U.S. 117, 124 ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."), including a constitutional challenge to § 353. *See, e.g., People v. Romano*, 908 N.Y.S.2d 520, 522

6

(App. Term 1st Dep't 2010) (rejecting claim that § 353, on its face or as applied, is

unconstitutionally vague); *People v. Arroyo*, 777 N.Y.S.2d 836, 840 (N.Y. Crim. Ct. 2004)

(upholding the constitutionality of § 353, but observing "that the language of [the statute] is not

an example of precision and clarity."); *People v. Bunt,* 462 N.Y.S.2d 142, 146 (Justice Ct.,

Dutchess Cnty. 1983)(noting that § 353 is constitutional but "not well drafted").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with

respect to his pending state-court criminal proceeding, or that the state court cannot adjudicate

his claims. The Court will therefore not intervene in that proceeding and dismisses any claims for

injunctive relief.

**E.      State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims over which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New

York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997)).

**F.     Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to reassign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The deficiency order is vacated. (ECF No. 2.) Plaintiff's complaint is dismissed for failure to state a claim. The motion for preliminary injunctive relief is denied, and the Clerk of Court is directed to terminate it. (ECF No. 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     October 4, 2018
           New York, New York

                                              *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.